```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

|  |  |
|---|---|
| MAURICE MORRIS-BEY,  | § |
|  § Plaintiff, | § |
| vs. | §    No. 10-2113-STA/tmp |
| MAURICE MORRIS "UBO-TWO TIER" SOCIAL SECURITY TRUST and MAURICE MORRIS "UBO-CESTUI QUE" TRUST, | § |
| Defendants. | § |

```
                        ORDER OF DISMISSAL
        ORDER DENYING MOTION FOR TEMPORARY INJUNCTION AS MOOT
                         (DOCKET ENTRY 7)
                               AND
             ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```

On February 17, 2010, Plaintiff Maurice Morris-Bey, a citizen of Memphis, filed this pro se complaint. (Docket Entry "D.E." 1) The Clerk of Court shall file the case and record the defendants as Maurice Morris "UBO-Two Tier" Social Security Trust and Maurice Morris "UBO-Cestui Que" Trust. The Clerk shall not issue process or serve any papers in this case.

Plaintiff's complaint is a pro se complaint subject to screening under 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal-
>      (i)   is frivolous or malicious;
>      (ii)  fails to state a claim on which relief may be granted; or

>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also 28 U.S.C. § 1915A(b).

The fact that a litigant is proceeding pro se or is a prisoner do not absolve him from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 . . . (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521 . . . (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986 . . . (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *1 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft pleadings . . . , it is also not the role of the court to speculate about the nature of the claims asserted."); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for her."); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

The first issue is whether this Court has subject-matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint filed by Plaintiff contains no jurisdictional allegations. The Court has attempted to discern whether any basis for federal jurisdiction is apparent on the face of the complaint which is styled "Part One: Human Property Title Change." (D.E. 1 at 1.) The complaint is largely incomprehensible.

Plaintiff appears to be suing himself to perfect title to his "Earthly Living Human Being Body." (Id. at 4.)

On March 11, 2010, Plaintiff filed a notice of removal, seeking to remove an action filed in Shelby County Chancery Court against Defendants Litton Loan Servicing and Wilson & Associates. (D.E. 4.) Plaintiff filed the state court action seeking to set aside a property foreclosure. It is unclear why Plaintiff is attempting to make the state court action a part of this federal case. No connection between the state court action and Plaintiff's complaint is readily discernible. Plaintiff's state court action is not removable to this Court.

Twenty eight U.S.C. § 1441(a) states, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants..." The district court does not have original jurisdiction of either the foreclosure action or Plaintiff's suit to set aside foreclosure. Even should there be a basis for federal jurisdiction, Defendants have not removed the action. Pursuant to 28 U.S.C. § 1447(c), the Court hereby REMANDS the action to Shelby County Chancery. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." See 28 U.S.C. § 1447(d). The Clerk is directed to mailing a certified copy of this order of remand to Shelby County Chancery Court.

On March 11, 2010, Plaintiff filed a document styled as "Part Two: Execution, Liquidation and Settlement of the Two Trust." (D.E. 5.) On April 14, 2010, Plaintiff filed a similarly styled document

4

which he has titled "Amended Complaint." The amended complaint lists the Bank of America, Fifth Third Bank, Litton Loan Servicing, and Keith S. Collins Company, LLC. as Defendants. (D.E. 6.) These documents are less comprehensible than the original complaint. The amended complaint contains no allegations of action by purported Defendants Bank of America, Fifth Third Bank, Litton Loan Servicing, and Keith S. Collins Company, LLC. .  When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

On May 12, 2010, Plaintiff filed a motion for temporary injunction. (D.E. 7.) Plaintiff seeks to enjoin "the defendants from possession of said trust and property until a hearing is set for this cause. (Id. at 4.) Plaintiff does not identify the "property" and alleges no action by any defendant.

Plaintiff's pleadings do not provide a basis for federal subject-matter jurisdiction under 28 U.S.C. § 1331.  Without a basis for federal jurisdiction, the Court cannot exercise supplemental jurisdiction over any potential state law claims.

Where a Defendant has invoked state judicial remedies, Plaintiff has the right to contest and seek judicial review in the state forum.  If a state court has entered a judgment in favor of Defendant, Plaintiff may not attack the state court proceedings or judgment in a collateral proceeding in federal court.  That would constitute obtaining review in this court of the decision of a Tennessee court.  Any claim arising from the manner in which any

5

proceedings at issue were litigated should have been or should be presented in the state forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Insofar as the complaint could be construed to seek an injunction against a state court, the Anti-Injunction Act specifically prohibits this Court from issuing such an injunction. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Thus, this Court lacks jurisdiction or must abstain from exercising any jurisdiction over Plaintiff's claims for relief from

foreclosure. This complaint is devoid of jurisdiction and fails to state a claim upon which relief may be granted. Therefore, it is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for a temporary injunction (D.E. 7) is DENIED as MOOT.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997). Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the litigant must file his motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C.

7

§ 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. Id. at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

    IT IS SO ORDERED this 14th day of June, 2010.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE